IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CATHY DOTY                                                                          PLAINTIFF

v.                              CIVIL NO. 16-3004

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Cathy Doty, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on May 13, 2013, alleging an inability to work since August 29, 2012, due to left shoulder pain and spinal stenosis. (Doc. 9, pp. 80, 187, 194). An administrative hearing was held on May 8, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 9, pp. 38-77).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated September 5, 2014, the ALJ found that from August 29, 2012 through December 1, 2013, Plaintiff had the following severe impairments: degenerative disc disease/degenerative joint disease of the cervical spine and a disorder of the left shoulder. (Doc. 9, p. 20).  However, the ALJ found that from August 29, 2012 through December 1, 2013, Plaintiff did not have an impairment of combination of impairments that met or equaled the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Doc. 9, p. 20).  The ALJ also found that from August 29, 2012 through December 1, 2013, Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she was limited to occasional overhead reaching bilaterally, and would have been off-task approximately ¼ of the workday, due to pain.

(Doc. 9, p. 20).  The ALJ found that from August 29, 2012 through December 1, 2013, Plaintiff was unable to perform any past relevant work and that there were no jobs that existed in significant numbers in the national economy that Plaintiff could have performed, and that Plaintiff was under a disability from August 29, 2012 through December 1, 2013.  (Doc. 9, pp. 24-25).

In the same decision, the ALJ found that beginning on December 2, 2013, Plaintiff had not developed any new impairment or impairments, and that her current severe impairments were the same as those present from August 29, 2012 through December 1, 2013.  (Doc. 9, p. 25).  The ALJ reported that beginning December 2, 2013, Plaintiff did not have an impairment of combination of impairments that met or equaled the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Doc. 9, p. 25).  The ALJ further found that medical improvement occurred and Plaintiff's disability

ended as of December 2, 2013.  (Doc. 9, p.25).  The ALJ found that beginning on December 2, 2013, the Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to occasional overhead reaching bilaterally.

(Doc. 9, p. 26).  With the help of a vocational expert, the ALJ determined that beginning December 2, 2013, Plaintiff was capable of performing work as a companion.  (Doc. 9, p. 29).  The ALJ therefore concluded that Plaintiff's disability ended December 2, 2013.  (Doc. 9, p. 29).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 18, 2015.  (Doc. 9, p. 5).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties.  (Doc. 5).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 14, 16).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the

Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v.

Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III.   Discussion:

Plaintiff argues the following issue on appeal: 1) the ALJ's determination of medical improvement is unsupported by substantial evidence as it fails to illustrate any difference in the evidence from before December 1, 2013, to after that translates into an improvement in the RFC without mere speculation.

The Court recognizes that the ALJ utilized the eight-step evaluation process for determining continuing disability. (Doc. 9, pp. 17-20). However, it was not necessary to do so, because when in a single proceeding, the fact of disability, the extent of disability, and the duration of the disability are all determined, the case is not a medical improvement case. Camp v. Heckler, 780 F.2d 721, 721-722 (8th Cir. 1986); Morrison v. Colvin, 2014 WL 668920 at n.3 (W.D. Ark., Feb. 20, 2014). Therefore, the Court's role at this stage is to determine whether substantial evidence supports the ALJ's decision that Plaintiff had the RFC to perform substantial gainful activity as of December 2, 2013.

#### A.   Subjective Complaints and Symptom Evaluation:

We now address the ALJ's assessment of Plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an

ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors for the time period in question. As noted by the ALJ, Plaintiff started working part-time as a server in December of 2013. In a Questionnaire completed by Plaintiff in April of 2014, she indicated that on December 20, 2013, she started working as a server for four to seven hours a day for twenty-nine to thirty-four hours a week. (Doc. 9, p. 313). In this Questionnaire Plaintiff also reported that she was able to drive, do light house work, shop, knit, watch television and talk to neighbors. (Doc. 9, p. 326). In May of 2014, Plaintiff testified that she was still working as a server but was only working twenty-one to twenty-eight hours per week. (Doc. 9, p. 41).

With regard to Plaintiff's alleged spinal problems, the ALJ found that while Plaintiff may indeed have some limitations, the evidence did not support a finding of disability after December 1, 2013. A review of the record reveals that Plaintiff sustained an injury while helping move a patient in August of 2012. After attempts with more conservative treatment failed, Plaintiff underwent surgical intervention, performed by Dr. Brad Thomas, on August 15, 2013. (Doc. 9, p. 442). On September 20, 2013, Plaintiff was seen for her first post-operative appointment. (Doc. 9, p. 439). Plaintiff complained of continued pain in her neck but indicated that it was better than her pre-operative pain. Upon examination, Dr. Thomas noted that Plaintiff had full range of motion in her neck and good strength throughout her upper

and lower extremities. Plaintiff was encouraged to increase her activity slightly and to return for a follow-up appointment in six weeks.

The record revealed that Plaintiff did not show up for her appointment on November 1, 2013, and that it was rescheduled for December 4, 2013. (Doc. 9, p. 447). Plaintiff then re-scheduled the December 4, 2013, appointment for January 22, 2014. (Doc. 9, p. 446). At the January 22, 2014 appointment, Plaintiff complained of continued pain in her neck. (Doc. 9, 444). Upon examination, Dr. Thomas noted Plaintiff had good strength throughout her upper and lower extremities. Plain x-rays revealed that the hardware and interbody graft were intact and in good condition. Dr. Thomas recommended that Plaintiff use a TENS unit and to return for a follow-up appointment in six weeks. Dr. Thomas also refilled prescriptions and indicated that if Plaintiff continued to have pain an MRI would be ordered.

On March 27, 2014, Plaintiff complained of continued pain, and that the TENS unit had not helped. (Doc. 9, p. 451). Upon examination, Kali Evans, APN, noted Plaintiff had good strength throughout her upper and lower extremities. Due to Plaintiff's continued pain, it was recommended that Plaintiff undergo a MRI of her cervical spine. After reviewing Plaintiff's MRI, Dr. Thomas noted that Plaintiff's hardware and fusion looked good, that the canal was wide open, and that there were some mild degenerative changes. (Doc. 9, p. 450). Dr. Thomas opined that Plaintiff did not require surgical intervention and that Plaintiff might need pain management or physical therapy. Thus, while Plaintiff may indeed experience some degree of pain due to her neck impairment, the Court finds substantial evidence of record supporting the ALJ's finding that Plaintiff did not have a disabling neck impairment after December 1, 2013. See Lawrence v. Chater, 107 F.3d 674, 676 (8th Cir. 1997) (upholding

7

ALJ's determination that claimant was not disabled even though she had in fact sustained a back injury and suffered some degree of pain).

With regard to the testimony of Plaintiff's ex-husband, the ALJ properly considered this evidence but found it unpersuasive. This determination was within the ALJ's province. See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffered with some degree of limitation, she has not established that she was unable to engage in any gainful activity during the time period in question. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### B.    The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

8

In finding Plaintiff able to perform light work with limitations, the ALJ considered Plaintiff's subjective complaints, the medical records, and the evaluations of the non-examining medical examiners. Plaintiff's capacity to perform this level of work is supported by the fact that Plaintiff's examining physicians placed no restrictions on her activities that would preclude performing the RFC determined during the time period in question. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination.

### C.     Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a companion after December 1, 2013. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV.     Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 15th day of March, 2017.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE